F. P. Dastague, Petitioner, *v.* Commissioner of Internal Revenue, Respondent.

Docket No. 33974.  Promulgated May 29, 1930.

*Henry Jacobs, Esq.*, for the petitioner.
*R. W. Wilson, Esq.*, for the respondent.

1326

OPINION.

Love: The petitioner in this proceeding, a man 75 years of age, has been engaged in business as a meat vendor at New Orleans for 55 years. He is a man of limited education, unable to keep books personally and not appreciating their value as records of his income. On the advice of a notary the petitioner made no income-tax returns for the years 1917 to 1926, inclusive. When returns were prepared and filed for him during 1927 by a deputy collector and a field

examination of his income was later conducted by two revenue agents, the petitioner had no record evidence of his income or expenses for any of the years mentioned, except for the year 1926, which was the year immediately preceding the examination. It was determined that petitioner was not liable for any tax for that year.

In the absence of other records of his income for the years 1917 to 1925, inclusive, the petitioner's gross income was determined for each year as the total amount of his bank deposits for such year. The petitioner owned certain rental properties and when the examining agents questioned him he made various estimates of his rental income, one of these estimates being $400 per month, a total of $4,800 per year. He was unable to produce evidence of his expenditures for taxes, insurance and carrying charges on these properties, and consequently, the amount of $4,800 was included in his net income for each of the years involved, without allowance of any deduction for such expenses, although he had actually paid them.

To determine the petitioner's net income from his business the amount of $4,800, representing rental income, was deducted from his total bank deposits for each year, and the balance was regarded as his gross business income. Net income from the business was computed as 8 per cent of gross income from that source.

The petition does not assert error in the respondent's adoption of the percentage method of computing net business income, although on hearing petitioner's counsel has protested that the method is improper. Such a protest is futile, the Board having repeatedly held that it will not decide issues not raised by the pleadings. *Dixie Manufacturing Co.*, 1 B. T. A. 641; *W. A. Roth*, 4 B. T. A. 834; *H. D. & J. K. Crosswell, Inc.*, 6 B. T. A. 1315; *S. L. Fowler*, 6 B. T. A. 250; *D. N. & E. Walter & Co. et al.*, 10 B. T. A. 620. Furthermore, in analogous cases, the Board has approved the respondent's computation of net income by the percentage method. *F. G. Bishoff*, 6 B. T. A. 570; affd., 27 Fed. (2d) 91; *Moses P. Ginzburg*, 15 B. T. A. 324; *Julius Gamm*, 15 B. T. A. 594; affd., C. C. A., 5th Cir., March 25, 1930; *Yorksville Live Poultry Co.*, 18 B. T. A. 47.

The two errors alleged in the petition relate to the petitioner's rental income. They are, first, that the rental income has been overstated, and, second, that the respondent has failed to allow deductions for taxes, insurance, carrying charges, etc., paid by the petitioner in relation to his rental properties. Evidence of payment of charges of the natures mentioned are commonly easily available. Taxes paid are matters of public record, while interest and insurance payments are usually susceptible of establishment from sources controlled by the payees, even if the payor has no adequate records. Personally, the

petitioner had no appreciation of the importance of producing competent and exact evidence of the payments he had made, but in view of the fact that such evidence was, in our opinion, readily procurable, we can find no satisfactory excuse for it not having been offered us. We think that a proper regard for the interests of the petitioner would have resulted in the production of such evidence.

The petitioner was able, however, to offer evidence of his rental income, which is, in our opinion, sufficient to establish error in the respondent's determination and to permit us to afford the petitioner some measure of the relief to which he so patently is entitled. We have found that instead of having a rental income of $400 per month, the petitioner actually received rental income as follows: from 1404–1406 Mystery, $18 per month, or $216 per year for the years 1917 to 1924, inclusive, and $70 per month, or $840 per year, for the year 1925; 3146–3148 Maurepas, $60 per month, for the years 1917 to 1925, inclusive.

Readjustment of the petitioner's net income should be made in accordance with the above.

The petition does not allege error in the respondent's assertion of penalties for each of the years involved and we, therefore, make no determination respecting such penalties. They will of necessity be recomputed in determining the petitioner's liability, if any, in accordance with this opinion.

*Judgment will be entered under Rule 50.*